U.S. BANKRUPTCY COURT
District of South Carolina

Case Number: 06-01150

ADVERSARY PROCEEDING NO: 06-80087

ORDER FOR ABSTENTION

The relief set forth on the following pages, for a total of 8 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**07/21/2006**



US Bankruptcy Court Judge
District of South Carolina

Entered: 07/21/2006

I**N THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| Bobby Gene Salinas and Cindy Dianne Salinas, | ) ) | Case No. 06-01150-jw |
| | ) | |
| Debtors. | ) | |
| | ) | |
| American Investors Life Insurance Company, Inc., | ) ) | Adv. Proceeding No.: 06-80087-jw |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER FOR ABSTENTION** |
| Bobby Gene Salinas; Brenda J. Keisler as the Personal Representative of the Estate of Ernestine B. Corley, deceased; Brenda J. Keisler as Personal Representatives of the Estate of James W. Corley, Sr., deceased; James W. Corley, Jr.; Brenda J. Keisler, Individually; Elizabeth D. Griggs; Sandra P. Stevenson; Richard A. Corley; Debra R. Corley; and Emily Hall, | ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

      This matter comes before the Court on a Motion to Abstain filed by defendants Brenda J. Keisler as the Personal Representative of the Estate of Ernestine B. Corley, Deceased: Brenda J. Keisler as the Personal Representative of the Estate of James W. Corley, Sr., deceased; James W. Corley, Jr.; Brenda J. Keisler, individually; Elizabeth D. Griggs; Sandra P. Stevenson; Richard A. Corley; Debra R. Corley; and Emily Hall (the "State Court Plaintiffs"). In responding to the complaint of American Investors Insurance Company, Inc. (the "Insurance Company") the State Court Plaintiffs asked that the Bankruptcy Court abstain from exercising jurisdiction over the first and second causes of action in the Complaint, pursuant to 28 U.S.C. §1334(c)(1) or (2). The Court conducted a hearing in this matter on July 18, 2006, at which time counsel for the State Court Plaintiffs and the Insurance Company appeared. At the hearing, the Insurance Company withdrew its first cause of action in the Complaint and that matter is no longer before the Court.

Having considered the pleadings filed in this matter, the arguments of counsel, the exhibits and testimony, the Court has determined to exercise its discretion and abstain pursuant to 11 U.S.C. §1334(c)(1) with regard to the second cause of action. In reaching this conclusion, the Court has made the following findings of fact and conclusions of law.[1]

### **FINDINGS OF FACT**

1.  On June 22, 2004, Ernestine B. Corley and Brenda Keisler as the Personal Representative of the Estate of James W. Corley[2] filed suit against Bob Salinas ("Debtor") and a number of other defendants (together, the "State Court Defendants"),[3] one of whom is American Investors Life Insurance Company, Inc. ("Plaintiff" or "Insurance Company"), in a suit designated 2004-CP32-2255, in Lexington County, in the Court of Common Pleas for the Eleventh Judicial Circuit, South Carolina ( the " State Court").

2.  Immediately thereafter, on June 22, 2004, James E. Corley, Jr.; Brenda J. Keisler, Elizabeth D. Griggs; Sandra P. Stevenson; Richard A. Corley, Debra R. Corley and Emily Hall filed suit against the same State Court Defendants,[4] one of whom is American Investors Life Insurance Company, Inc. ("Plaintiff" or "Insurance Company"), in a suit designated 2004-CP-32-2256, in Lexington County, in the Court of Common Pleas for the Eleventh Judicial Circuit, South Carolina (together, the two cases in State Court are hereinafter referred to as the State Court Litigation).

3.  Both of the complaints in the state court litigation (the "State Court Complaints") allege virtually identical facts and causes of action, indicating that the Debtor caused the State Court Plaintiffs to invest in companies which were defunct, bankrupt or in receivership. The

---

[1] To the extent any of the following Findings of Fact constitute Conclusions of Law, they are adopted as such, and to the extent any Conclusions of Law constitute Findings of Fact, they are so adopted.

[2] During the course of the litigation, Ernestine B. Corley died and her estate is one of the Plaintiffs.

[3] Bob Salinas; Salinas Financial Associates dba Salinas Associates, Family Trust, Senior Information Services and Salinas & Associates; American Telecommunications Company, Inc., dba ATC, Inc. and Alpha Telcom, Inc.; Family Heritage Portfolio, Inc.; American Investors Life Insurance Company, Inc.; Mobile Cash Systems, LLC; Senior Education Centers, Inc., dba Senior Education Center of America; Resort Holdings International, LLC dba Resort Holdings; HFG, Inc., dba Hayes Financial Group, Inc., HFG and ETS Payphones, Inc.; Sunshine Real Estate Corporation; and AquaDyn Technologies, Inc.

[4] Bob Salinas; Salinas Financial Associates dba Salinas Associates, Family Trust, Senior Information Services and Salinas & Associates; American Telecommunications Company, Inc., dba ATC, Inc. and Alpha Telcom, Inc.; Family Heritage Portfolio, Inc.; American Investors Life Insurance Company, Inc.; Mobile Cash Systems, LLC; Senior Education Centers, Inc., dba Senior Education Center of America; Resort Holdings International, LLC dba Resort Holdings; HFG, Inc., dba Hayes Financial Group, Inc., HFG and ETS Payphones, Inc.; Sunshine Real Estate Corporation; and AquaDyn Technologies, Inc.

State Court Complaints allege that the Debtor contacted the State Court Plaintiffs while acting on behalf of the Insurance Company. Specifically, the State Court Complaints contain the following causes of action:

        a. Negligence;
        b. Fraud;
        c. Constructive Fraud;
        d. Breach of Fiduciary Duty;
        e. Breach of Contract Accompanied by a Fraudulent Act;
        f. Unfair Trade Practices; and
        g. Negligent Misrepresentation.

4. The State Court Plaintiffs have requested a jury trial and they do not consent to a jury trial before the Bankruptcy Court.

5. The State Court Litigation has progressed in State Court through various pleadings and discovery. The deposition of the Debtor was scheduled on March 30, 2006.

6. The bankruptcy of Bobby Gene Salinas and Cindy Dianne Salinas was filed on March 24, 2006 (Case Number 06-01150) (the "Bankruptcy").

6. The State Court Litigation has been on the court docket since June 2004. It has appeared on court rosters numerous times. If not for the filing of the Bankruptcy by the Debtor, it is very possible that these cases would have already been tried.

7. The Insurance Company filed this Adversary Proceeding on April 25, 2006 (the "Adversary Proceeding"). In the Adversary Proceeding, the Insurance Company asserts three causes of action. The first cause of action, for injunctive relief, has been withdrawn. The second cause of action seeks a declaratory judgment as to whether the Debtor was acting within the course or scope of an agency relationship with the Insurance Company when he provided investment advice to the State Court Plaintiffs (the "Second Cause of Action"). The State Court Plaintiffs have not asked for relief pursuant to the Third Cause of Action and that is not addressed in this Order.

8. With regard to the Second Cause of Action, the State Court Plaintiffs filed a Motion for Abstention, asking the Court to abstain from hearing the Second Cause of Action.

9. The Chapter 7 Trustee of the Bankruptcy conducted an examination of the Debtor pursuant to FRBankP 2004. On June 20, 2006, the Trustee filed a Report of No Distribution,

3

indicating that there is no property available for distribution from the estate and that the estate has been fully administered. He abandoned all scheduled assets and asked that he be discharged as trustee.

## ABSTENTION PURSUANT TO 28 U.S.C. §1334(c)(1)

The Bankruptcy Court may decide, in its discretion, to abstain from hearing a matter should it determine, pursuant to 28 U.S.C. §1334(c)(1), that the interest of justice or the interest of comity with State Court or respect for State Law, justifies such abstention.

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State Courts or respect for State Law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

28 U.S.C. §1334(c)(1).

In reviewing the provisions of §1334(c)(1), Courts have considered each of the disjunctive factors in determining whether discretionary abstention is warranted in any given case.

> …discretionary abstention is permitted (1) where abstention is in the interests of justice; (2) where abstention is in the interest of comity with state courts, or (3) out of respect for concurrent state law. The three bases are disjunctive and the court need only consider one of three as the basis of its conclusion.

In re Dunes Hotel Associates, 94-75715-W, C-95-8223 (Bankr.D.S.C. 7/11/96); In re Bellucci, 119 B.R. 763, 772 (Bankr. E.D.Ca. 1990): In re Kolinsky, 100 B.R. 695, 705 (Bankr. S.D.N.Y. 1989).

In considering discretionary abstention, the South Carolina Bankruptcy Court has specifically adopted the factors proposed by the court in In re Republic Reader's Serv., 81 B.R. at 429:

1. The effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
2. The extent to which state law issues predominate over bankruptcy issues;
3. The difficulty or unsettled nature of the applicable state law;
4. The presence of a related proceeding commenced in state court or other nonbankruptcy court;
5. The jurisdictional basis, if any, other than 28 U.S.C. §1334;

4

      6.      The degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
      7.      The substance rather than form of an asserted "core" proceeding;
      8.      The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
      9.      The burden of the bankruptcy court's docket;
      10.    The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
      11.    The existence of a right to a jury trial; and
      12.    The presence in the proceeding of nondebtor parties.

In re Dunes Hotel Associates, 94-75715-W, C-95-8223 (Bankr.D.S.C. 7/11/96); In re Landmark Land Co., Case No. 91-5817, Adv. No. 2:91-5290-1 (D.S.C. 1994).

Application of these factors to the Second Cause of Action indicates that discretionary abstention should be exercised.

      1.      The Bankruptcy is a No Asset Chapter 7. The issue raised by the Second Cause of Action has no nexus to the Bankruptcy or impact upon the administration of the bankruptcy estate, because there will be no distribution. A determination of the State Court Litigation may well determine the issue raised in the Second Cause of Action. Allowing a determination in State Court will greatly facilitate and expedite the determination of the issues in that litigation and will not hamper or affect the ongoing bankruptcy estate in any way. This factor indicates abstention.

      2.      The State Court Litigation was filed almost two years prior to the Bankruptcy. It has progressed pursuant to the state procedures and the parties have pursued written discovery and depositions in State Court. It has appeared on the state court roster numerous times and the parties have indicated to the state court that they are ready for trial. The issue of agency of the Debtor is an issue of state law. The United States Court of Appeals for the Fourth Circuit has considered Congressional Intent in determining whether matters involving issues of state law should be determined in a bankruptcy forum.

> Congress has indicated a strong preference for allowing state law claimants to litigate their disputes in state courts rather than the bankruptcy courts.

In re Steingold Cos., 960 F.2d 147 (Table), 1992 WL 81677 at *1 (4th Cir. 1992).

      This factor indicates abstention.

5

3. While the state law issues raised are not particularly difficult or unsettled, this Court believes that the progress in State Court for two years weighs heavily in favor of allowing a determination in State Court, where trial is imminent.

> Where a cause of action for monetary damages based primarily on state law can be litigated in state court without substantial delay and disruption to the orderly administration of the estate, the best forum for resolution of that action is state court, irrespective of whether the legal issues present unsettled questions of state law.

In re Republic Reader's Serv., Inc. 81 B.R. 422, 426 (Bankr.S.D.Tex.1987).

This factor indicates abstention.

4. There are also two probate estates that remain open in Lexington County, pending the outcome of the State Court Litigation. This factor indicates abstention.

5. There does appear to be diversity jurisdiction in this matter, which would provide federal jurisdiction other than pursuant to 28 U.S.C. §1334. However, there is no federal subject matter jurisdiction and this matter does not appear to arise under Title 11, to arise in Title 11, or be related to a case under Title 11. As noted above, the resolution of the Second Cause of Action will have no impact on the ongoing Bankruptcy. This factor indicates abstention.

6. The Second Cause of Action is not directly related to anything that will occur in the ongoing Chapter 7 Bankruptcy. This factor indicates abstention.

7. There is no core proceeding alleged, in form or substance. This factor indicates abstention.

8. Severance is not indicated since no core proceeding is involved. This factor indicates abstention.

9. The calendar of the Bankruptcy Court has been burdened recently by the Bankruptcy Reform Legislation that has substantially changed many of the procedures in bankruptcy court and has necessitated additional proceedings in compliance with its requirements. This Court believes that the most expeditious method of obtaining a final result with regard to the issue raised in the Second Cause of Action would be trial in the state court of the State Court Litigation. This factor indicates abstention.

10. The Court makes no finding of forum shopping.

11. All parties have recognized that the State Court Litigation is to be tried by a jury. This will include a jury determination of the issue raised in the Second Cause of Action. This factor indicates abstention.

12. The State Court Litigation involves many non-debtor parties. Many of the State Court Plaintiffs are elderly and two are represented by probate estates. In addition, the State Court Plaintiffs have been required to obtain bankruptcy counsel in addition to their regular counsel, increasing the fees and expenses in the litigation. The inconvenience to these non-debtor parties in requiring them to participate in a new forum would constitute prejudice in favor of abstention.

In summary, almost every factor of the discretionary abstention test indicates that the Court should exercise its discretionary abstention with regard to the Second Cause of Action. The interests of comity with the state courts and respect for state law, together with the consideration of judicial efficiency, indicate that abstention is appropriate.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED

1. That the First Cause of Action is withdrawn by the Insurance Company, and
2. That the Court abstains from hearing the Second Cause of Action, pursuant to 11 U.S.C. §1334(c)(1).

Columbia, SC
July 21, 2006